**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| FREDERICK H. HAESLER, JR., et al., | : | |
| Plaintiffs, | : | Civil Action No. 05-372 (JAG) |
| | : | |
| v. | : | **AMENDED OPINION** |
| | : | |
| NOVARTIS CONSUMER HEALTH, INC., et al., | : | |
| | : | |
| Defendants. | : | |

APPEARANCES:

James Katz, Esq.
Kent Cprek, Esq.
Jennings Sigmond, P.C.
1040 N. Kings Highway, Suite 300
Cherry Hill, New Jersey 08034

ATTORNEYS FOR PLAINTIFFS FREDERICK H. HAESLER, JR., et al.

Christopher G. FitzPatrick, Esq.
Paul L. Kattas, Esq.
Kelley Drye & Warren LLP
200 Kimball Drive
Parsippany, New Jersey 07054

Charles B. Wolf, Esq.
Philip L. Mowery, Esq.
Alison J. Maki, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601

ATTORNEYS FOR DEFENDANTS NOVARTIS CONSUMER HEALTH, et al.

1

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion to dismiss Plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants Novartis Consumer Health, Inc. and CIBA Self-Medication Fort Washington Hourly Employees Pension Plan (collectively, "Defendants"). For the reasons set forth below, this motion will be granted.

## INTRODUCTION

Novartis Consumer Health, Inc. sponsors the CIBA Self-Medication Fort Washington Hourly Employees Pension Plan (the "Plan"), now known as the Novartis Consumer Health Fort Washington Hourly Employees' Pension Plan. Plaintiffs are participants in the Plan who intend to seek class certification after this Court determines the duties of the Plan and its fiduciaries under the law. (Sec. Am. Compl. ¶ 18.) Plaintiffs filed a Complaint which has been amended once as of right and a second time with leave of this Court. The Second Amended Complaint, filed July 15, 2005, contains four claims which, generally speaking, involve violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"): 1) the plan illegally ceases benefit accrual by reason of age, in violation of 29 U.S.C. § 1054(b)(1)(H); 2) the plan back loads pension accruals, in violation of 29 U.S.C. §§ 1054(b)(1)(A)-(C); 3) the plan provides a benefit at normal retirement age that violates 29 U.S.C. § 1002(22); and 4) Defendants breached their fiduciary duties to the participants to write and administer the Plan, in accordance with ERISA.

Defendants have moved to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). After briefing on

2

this motion was completed, this Court ordered the parties to supplement it. Plaintiffs were directed to provide illustrations for each of the first three alleged ERISA violations by selecting a hypothetical employee and calculating lifetime benefit accruals under the Plan. The parties submitted responsive briefing on the illustrations.

Following the supplementary briefing, this Court asked the parties whether consideration of the illustrations required conversion of this motion to a motion for summary judgment, pursuant to FED. R. CIV. P. 12(b). The parties agreed both that the illustrations did not constitute "matters outside the pleading" for purposes of this rule, and that conversion to a motion for summary judgment was not needed.

## ANALYSIS

I.  **Governing Legal Standards**

  A.  Standard for a Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46. "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

## II.     Defendants' 12(b)(6) Motion to Dismiss

The terms of the Plan are specified in the Plan document, amended and restated with an effective date of January 1, 1997. (Wolf Decl. Ex. 5.) The parties refer also to the July 1997 Plan summary description, which describes an accrued benefit calculation process with three steps. (Compl. ¶ 35.) In step 1, $45.80 is multiplied by the years of credited service (defined in the Plan document). In step 2, $30.00 is multiplied by the years of excess credited service. In step 3, the total from the first two steps is adjusted by a fractional formula.

In the supplementary briefing, Plaintiffs made a number of arguments based on calculations which omitted the third step. See, e.g., Pls.' Supp. Br. Ex. A-1. As will be described infra, Plaintiffs thus at points relied on an implied argument that subsets of a Plan's component calculations must satisfy ERISA's requirements apart from the whole. Plaintiffs have shown no basis in law for this contention.

All of the ERISA provisions at issue expressly apply to "the plan;" not one applies to calculations which are components of a plan.  Counts I and II invoke 29 U.S.C. § 1054, which sets forth benefit accrual requirements which "[e]ach pension plan shall satisfy . . ."  29 U.S.C. § 1054(a).  Count III invokes 29 U.S.C. § 1002(22), which expressly applies to benefits "under the plan."  Nothing in the ERISA provisions at issue indicates that the provision applies to anything other than the pension plan as a whole.  Nor have Plaintiffs pointed to any cases which justify such a piecemeal approach to ERISA law.

>   A. <u>Count I</u>

In Count I of the Complaint, Plaintiffs allege that the Plan violates 29 U.S.C. § 1054(b)(1)(H) by ceasing benefit accrual by reason of age.  ERISA pension plan benefit accrual requirements are set forth in 29 U.S.C. § 1054.  Plaintiffs point to provision (i) of subsection (b)(1)(H):

> (i) Notwithstanding the preceding subparagraphs, a defined benefit plan shall be treated as not satisfying the requirements of this paragraph if, under the plan, an employee's benefit accrual is ceased, or the rate of an employee's benefit accrual is reduced, because of the attainment of any age.
>
> (ii) A plan shall not be treated as failing to meet the requirements of this subparagraph solely because the plan imposes (without regard to age) a limitation on the amount of benefits that the plan provides or a limitation on the number of years of service or years of participation which are taken into account for purposes of determining benefit accrual under the plan.

29 U.S.C. § 1054(b)(1)(H).  In their Complaint and initial briefing, Plaintiffs alleged a violation of § 1054(b)(1)(H)(i) based only on cessation, and not reduction, of benefit accrual.

In their first supplementary briefing, Plaintiffs submitted two illustrations which they claimed showed cessation in violation of 29 U.S.C. § 1054(b)(1)(H).  (Pls.' Supp. Br. Ex. A-1,

5

A-2.) Although Exhibit A-1 appears to show that benefit accrual is zero during service years 21 through 28, and becomes non-zero again in year 29, the calculations do not include step 3 of the Plan. Exhibit A-1 thus does not illustrate operation of the Plan as a whole. Exhibit A-2 is not an illustration of the benefit accruals of a single employee and is thus not responsive to the Court's question.

Plaintiffs have failed to state a valid claim for relief, under 29 U.S.C. § 1054(b)(1)(H), for cessation of benefit accrual because of attainment of any age. In their supplementary opposition brief, Defendants pointed out that the calculations in Exhibit A-1 failed to reflect the Plan as a whole. Plaintiffs did not disagree in their supplementary reply brief, and this Court infers from their silence that they concede the incompleteness of these calculations. Even if this inference is wrong, however, Exhibit A-1 as it stands does not show that benefit accrual has ceased. The dictionary definition of "cease" is "bring to an end" or "terminate." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 358 (1993). In Exhibit A-1, benefit accrual does not terminate in year 20, since it continues in years 29 through 37. This Court infers that Plaintiffs are unable to prove any set of facts which demonstrate that benefit accrual ceases.

Plaintiffs may be able to prove a set of facts that demonstrates a reduction of benefit accrual, in violation of 29 U.S.C. § 1054(b)(1)(H). Plaintiffs did not, however, include reduction of benefit accrual in Count I of the Complaint. It was not until the supplementary briefing that Plaintiffs raised the issue of reduction. This Court will grant the motion to dismiss Count I of the Complaint for failure to state a claim upon which relief can be granted. Plaintiffs will be granted leave to amend their Second Amended Complaint, within 30 days of the date of this Opinion, to

include, if they so choose, a claim for reduction of benefit accrual in violation of 29 U.S.C. § 1054(b)(1)(H).

    B.    Count II

In Count II of the Complaint, Plaintiffs allege that the Plan violates 29 U.S.C. § 1054 by "back loading" benefit accrual. The parties agree that "back loading" occurs when a pension plan provides that employees accrue minimal benefits in the early years of employment, followed by larger benefit accruals as the employee nears retirement. (Defs.' Br. 24.) The parties agree as well that ERISA prohibits such back loading by requiring that the plan satisfy one of three tests specified in 29 U.S.C. §§ 1054(b)(1)(A), (B) and (C). (Id.) These tests are known as the three percent rule, the 133 1/3 percent rule, and the fractional accrual rule. Defendants contend that the Plan does not back load because it satisfies the fractional accrual test of 29 U.S.C. § 1054(b)(1)(C).

As described above, this Court directed Plaintiffs to submit illustrations of benefit accrual calculations that show the alleged violations, and specifically to point out the years in which the Plan fails one of the three statutory tests. Plaintiffs submitted six exhibits. The first two, C-1 and C-2, show that the Plan does not satisfy the three percent and 133 1/3 percent tests.[1] The next three, C-3, C-4, and C-5, were based on a "corrected" plan rather than the actual Plan. Only exhibit C-6 purports to apply the fractional accrual rule to the actual Plan, but does not point out exactly how and when the Plan fails to satisfy the fractional accrual test. Plaintiffs contend that there is a jump in the accrued benefit between service years 20 and 21, when the employee

---

[1] In their supplementary reply brief, Plaintiffs conceded that exhibits C-1 and C-2 were merely for background and "do not affect the case." (Pls.' Supp. Reply Br. 7 n.4.)

reaches the special early retirement date.  Plaintiffs observe that this is a jump of 15.66%, but the number itself is meaningless.  The fractional accrual rule, specified in 29 U.S.C. § 1054(b)(1)(C), states a mathematical test that a plan either passes or fails.  Plaintiffs do not show how the supposed jump proves that the Plan fails the statutory test.  Had this jump in fact violated the fractional accrual rule, Plaintiffs would have surely highlighted the calculations that prove it.

Plaintiffs have failed to provide an illustration that points out the years in which the Plan fails the fractional accrual test.  This Court infers that Plaintiffs are unable to prove any set of facts which demonstrate back loading in violation of 29 U.S.C. § 1054.  The motion to dismiss Count II will be granted.

    C.    Count III

In Count III of the Complaint, Plaintiffs allege that the Plan violates 29 U.S.C. § 1002(22) by "providing a benefit at normal retirement age that is less than the early retirement benefit under the plan."  (Compl. ¶ 58.)  Plaintiffs here refer to the ERISA provision which defines "normal retirement benefit" as "the greater of the early retirement benefit under the plan, or the benefit under the plan commencing at normal retirement age."  29 U.S.C. § 1002(22).

In their supplementary briefing, Plaintiffs failed to submit an illustration of a violation of 29 U.S.C. § 1002(22).  As discussed above, this Court directed Plaintiffs to provide an example in which the Plan provided a benefit at normal retirement age that is less than the early retirement benefit.  Plaintiffs submitted illustrations which do not compare the benefit at normal retirement age with the early retirement benefit.  Rather, exhibits B-1 and B-2 compare the benefit at normal retirement age with a "promised benefit" calculation which omits step 3 of the Plan.  Plaintiffs have thus compared the operation of the Plan as a whole to the operation of a part of the Plan.

These comparisons do not demonstrate that a benefit at normal retirement age is less than the early retirement benefit under the plan, in violation of 29 U.S.C. § 1002(22).

Moreover, Defendants point out that, when a plan's benefits never decrease, it is impossible for a benefit at normal retirement age to be less than the benefit at the early retirement date. Nothing submitted by either party indicates that the plan benefits ever decrease.

This Court infers that Plaintiffs are unable to prove any set of facts which demonstrate that the Plan violates 29 U.S.C. § 1002(22). The motion to dismiss Count III will be granted.

D. Count IV

In Count IV of the Complaint, Plaintiffs allege that, based on the aforementioned ERISA violations, Novartis has breached its duty as a fiduciary to write the plan in accordance with the requirements of ERISA. Defendants argue that this claim depends on the claims for underlying ERISA violations and that, if the three claims for ERISA violations are dismissed, this claim cannot stand on its own. Plaintiffs did not contest this argument in any of their briefs. Because this Court finds that Plaintiffs have failed to state any valid claims for the Plan's violation of ERISA, they have failed as well to state a valid claim for breach of fiduciary duties under ERISA. The motion to dismiss Count IV will be granted.

CONCLUSION

Plaintiffs were directed to submit hypothetical illustrations of the ERISA violations alleged; they could choose any set of facts with which to illustrate the illegality of the Plan. They submitted illustrations which do not show the claimed ERISA violations, from which this Court infers that it is beyond doubt that they can prove no set of facts in support of their claims which would entitle them to relief. For this reason, as well as the reasons stated above, Defendants'

9

motion to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), is granted, and the Second Amended Complaint is dismissed without prejudice.  Plaintiffs are granted leave to amend the Second Amended Complaint within 30 days of the filing of this Opinion.

   S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: March 31, 2006