NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK H. HAESLER, JR., et al., : <br>     Plaintiffs, : <br> : <br> v. : <br> : <br> NOVARTIS CONSUMER HEALTH, : <br> INC., et al., : <br>     Defendants. : | Civil Action No. 05-372 (JAG) <br><br> **OPINION** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion to dismiss Plaintiffs' Fourth Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by Defendants Novartis Consumer Health, Inc. ("Novartis") and CIBA Self-Medication Fort Washington Hourly Employees Pension Plan (collectively, "Defendants"). For the reasons set forth below, this motion will be granted.

**INTRODUCTION**

Novartis Consumer Health, Inc. sponsors the CIBA Self-Medication Fort Washington Hourly Employees Pension Plan (the "Plan"), now known as the Novartis Consumer Health Fort Washington Hourly Employees' Pension Plan. Plaintiffs are participants in the Plan.

On January 18, 2005, Plaintiffs filed a Complaint which was amended once as of right and a second time with leave of this Court. On March 28, 2006, this Court entered an Order which granted Defendants' first motion to dismiss and dismissed the Second Amended

1

Complaint without prejudice for failure to state a claim upon which relief may be granted, accompanied by the Amended Opinion entered April 4, 2006 (the "Dismissal Opinion"). Plaintiffs were granted leave to amend the Second Amended Complaint. Plaintiffs then filed the Third Amended Complaint, filed by a motion for leave to file the Fourth Amended Complaint, which this Court granted on July 13, 2006. This Court has before it the Fourth Amended Complaint and Defendants' motion to dismiss it, pursuant to FED. R. CIV. P. 12(b)(6).

The Fourth Amended Complaint contains five claims which, generally speaking, involve violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"): 1) the Plan illegally ceases or reduces benefit accrual by reason of age, in violation of 29 U.S.C. § 1054(b)(1)(H); 2) the Plan back loads pension accruals, in violation of 29 U.S.C. §§ 1054(b)(1)(A)-(C); 3) the Plan provides a benefit at normal retirement age that violates 29 U.S.C. § 1002(22); 4) Defendants breached their fiduciary duties to the participants to write and administer the Plan in accordance with ERISA; and 5) Defendants breached the terms of the Plan by failing to pay the early retirement benefit, in violation of 29 U.S.C. § 1054(g).

## ANALYSIS

**I. Governing Legal Standards**

    A.    <u>Standard for a Rule 12(b)(6) Motion to Dismiss</u>

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384-85 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See <u>In</u>

re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46. "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## II. Defendants' 12(b)(6) Motion to Dismiss

A. Count I

In Count I of the Fourth Amended Complaint, Plaintiffs allege that the Plan violates 29 U.S.C. § 1054(b)(1)(H) by reducing or ceasing benefit accrual by reason of age. ERISA pension plan benefit accrual requirements are set forth in 29 U.S.C. § 1054. Plaintiffs point to provision (i) of subsection (b)(1)(H):

> (i) Notwithstanding the preceding subparagraphs, a defined benefit plan shall be treated as not satisfying the requirements of this paragraph if, under the plan, an employee's benefit accrual is ceased, or the rate of an employee's benefit accrual is reduced, because of the attainment of any age.
>
> (ii) A plan shall not be treated as failing to meet the requirements of this subparagraph solely because the plan imposes (without regard to age) a limitation on the amount of benefits that the plan provides or a limitation on the number of years of service or years of participation which are taken into account for purposes of determining benefit accrual under the plan.

29 U.S.C. § 1054(b)(1)(H). In the Dismissal Opinion, this Court dismissed Count I, for cessation of benefit accrual by reason of age. Plaintiffs have continued to allege cessation of benefit accrual in the Fourth Amended Complaint, and this component of Count I will be dismissed for the reasons stated in the Dismissal Opinion. (Dism. Op. 5-6.)

Plaintiffs now allege that the Plan violates § 1054(b)(1)(H)(i) based also on reduction of benefit accrual, contending that the Plan reduces benefit accrual by reason of age. Plaintiffs allege that a reduction in the accrual rate may occur at age 57, as demonstrated in Exhibit 2 of Defendants' Supplemental Brief (Docket Entry No. 24). Exhibit 2 is an illustration of benefit accruals for an individual who began Plan participation at age 28:

| Years of Service | Age | Accrued Benefit under § 1.1 | Annual Accrual |
| --- | --- | --- | --- |
| 28 | 56 | $874.81 | $31.24 |
| 29 | 57 | $916.00 | $41.19 |
| 30 | 58 | $946.00 | $30.00 |
| 31 | 59 | $976.00 | $30.00 |

Plaintiffs point to the reduction in the annual accrual after age 57 and assert that this is a prohibited reduction by reason of age. Defendants make two arguments in response: 1) the actual effect of turning age 57 is to increase benefits; and 2) the reduction in benefits that appears in the exhibit is a permitted reduction by reason of length of service, not age.

As to the first argument, Defendants contend that the observed effect at age 57 is a result of the operation of the Special Early Retirement Date. Pursuant to § 4.5(a), a participant who has twenty years of service and who has attained his 57th birthday becomes eligible for a Special Early Retirement benefit. This produces two results. The first is that the accrued benefit is immediately increased to the maximum under the formula in § 4.1(a) ($45.80 multiplied by 20 years of service, equaling $916.) The second is that the participant, having accrued the maximum benefit available under § 4.1(a), no longer receives annual accruals calculated according to § 4.1(a), but instead receives annual accruals calculated at the rate of $30.00 per year of excess credited service, pursuant to § 4.1(b). The appearance of a sudden increase in accrued benefit – in Exhibit 2, the spike in annual accrual to $41.19 – occurs because the accrued benefit is no longer pro-rated under the formula in § 1.1. Thus, Defendants argue persuasively that turning 57 actually increases benefit accrual.

The plain language of the Plan creates two layers of annual accruals: $45.80 per year for

the first twenty years of service, followed by $30.00 per year for subsequent years of excess credited service. Prior to the Special Early Retirement Date, the total accrued benefit is pro-rated – reduced – by operation of § 1.1.

The timing of the Special Early Retirement Date is based, in part, on age. The effect of triggering this age-based mechanism, however, is, as Defendants contend, to eliminate the pro-rating effect of § 1.1. This causes a temporary increase in the annual accrual rate and boosts the accrued benefit to the first layer maximum. Thus, the age-related effect of attaining the Special Early Retirement Age is an increase, not a reduction.

The shift from the first layer to the second layer of benefits is based not on age, but on years of service. Thus, in Exhibit 2, the drop in annual accrual from $41.19 to $30.00 is due not to age, but to length of service. The participant has reached the maximum benefit in the first layer, and the Plan then shifts to the accrual rate of the second layer, resulting in the lower rate. The benefit from the first layer is limited by years of service, not age. The change in accrual rate is thus due to a limitation on the number of years of service, expressly authorized by 29 U.S.C. § 1054(b)(1)(H)(ii) ("A plan shall not be treated as failing to meet the requirements of this subparagraph solely because the plan imposes (without regard to age) a limitation on the amount of benefits that the plan provides or a limitation on the number of years of service or years of participation which are taken into account for purposes of determining benefit accrual under the plan.") The Plan limits the years of service in the first layer to 20, a limitation imposed without regard to age. See Cooper v. IBM Personal Pension Plan, 2006 U.S. App. LEXIS 20128 (7th Cir. 2006) ("One need only look at IBM's formula to rule out a violation. It is age-neutral.")

Furthermore, this two-layer structure is allowed by ERISA, as explained in proposed

6

Treasury Regulation § 1.411(b)-2(a). Prop. Treas. Reg. § 1.411(b)-2(a), 53 Fed. Reg. 11876 (April 11, 1988). Although this proposed regulation was issued in 1988, and does not appear to have been made final, it states that "[t]axpayers may rely on these proposed regulations for guidance pending the issuance of final regulations." Moreover, both parties cited and relied on this proposed regulation in their briefs. (Def.'s Reply Br. 11; Pls.' Opp. Br. 17-18.)

As Defendants note, this regulation clearly undermines Plaintiffs' position:

> Different rates of benefit accrual – (i) In general. A defined benefit plan does not fail to satisfy the requirements of section 411(b)(1)(H) and paragraph (b) of this section solely because the plan provides for the accrual of benefits at different rates with respect to participants under the plan. Accordingly, a plan under which a participant's accrued benefit is determined in accordance with the fractional rule described in section 411(b)(1)(C) and § 1.411(b)-1(b)(3) will not fail to satisfy the requirements of section 411(b)(1)(H) and paragraph (b) of this section solely because the rate at which a participant's normal retirement benefit accrues differs depending on the number of years of credited service a participant would have between the date of commencement of participation and the attainment of normal retirement age. In addition, a plan will not be treated as failing to satisfy section 411(b)(1)(H) and paragraph (b) of this section solely because the plan's benefit formula provides, on a uniform and consistent basis, a normal retirement benefit equal to, for example, 2% of average annual compensation multiplied by a participant's first 15 years of credited service and 1% of average annual compensation multiplied by a participant's years of credited service in excess of 15 years.

Prop. Treas. Reg. § 1.411(b)-2(b)(3). Although the proposed rule references § 411(b)(1)(H) of the Internal Revenue Code, 29 U.S.C. § 1054(b)(1)(H)(vi) incorporates this regulation: "Any regulations prescribed by the Secretary of the Treasury pursuant to clause (v) of section 411(b)(1)(H) of the Internal Revenue Code of 1986 [26 USCS § 411(b)(1)(H)(v)] shall apply with respect to the requirements of this subparagraph in the same manner and to the same extent as such regulations apply with respect to the requirements of such section 411(b)(1)(H)."

This proposed rule clearly allows a plan with two layers of benefits, differentiated by

7

number of years of service, in which the second layer has a reduced rate of accrual relative to the first. Under the proposed regulation, such a plan does not violate 29 U.S.C. § 1054(b)(1)(H), the ERISA section prohibiting reduction of accrual because of attainment of any age.

Furthermore, the proposed regulation states:

> A defined benefit plan is not considered to discontinue benefit accruals or reduce the rate of benefit accrual on behalf of a participant because of the attainment of any age in violation of section 411(b)(1)(H) and a defined contribution plan is not considered to reduce or discontinue allocations to a participant's account or reduce the rate of allocations to a participant's account because of the attainment of any age in violation of section 411(b)(2) solely because of a positive correlation between increased age and a reduction or discontinuance in benefit accruals or account allocations under a plan. Thus, for example, if a defined benefit plan or a defined contribution plan provides for reduced or discontinued benefit accruals or account allocations on behalf of participants who have completed a specified number of years of credited service, the plan will not thereby fail to satisfy section 411 (b)(1)(H) or (b)(2) solely because of a positive correlation between increased age and completion of the specified number of years of credited service.

Prop. Treas. Reg. § 1.411(b)-2(a). Again, this speaks clearly to the issue at hand. Plaintiffs point to the appearance in Exhibit 2 of a positive correlation between increased age and a reduction in benefit accruals. The Plan provides for reduced benefit accruals for participants who have completed a specified number of years of credited service. Plaintiffs point solely to the positive correlation between increased age and years of service, which, under the regulation, is insufficient to cause the Plan to fail to satisfy 29 U.S.C. § 1054(b)(1)(H).

Plaintiffs cite the proposed regulation for its use of this example: a contingency triggered when "the sum of a participant's age and the participant's number of years of credited service equals a specified number [] is considered a limitation based directly on age." Prop. Treas. Reg. § 1.411(b)-2(b)(2)(ii). Plaintiffs contend that this exact contingency is found in the Plan. Plaintiffs do not cite any Plan provision to support this, nor does this Court find any Plan

provision in which a contingency is triggered by a formula using age.

At the end of the section on reduction on Count I, Plaintiffs devote a single sentence to a different approach: "The underlying formula in the Fort Washington Plan contains a limitation on the credited years of service which obviously is not independent of age (as the number of excess years that are credited under the plan expressly hinges on attainment of age 57) and finds no shelter in 29 U.S.C. § 1054(b)(1)(H)(ii)." (Pls.' Opp. Br. 22.) This conclusory sentence, unsupported by any citation to any Plan provision, or any analysis, is insufficient as an argument that the Plan contains an impermissible age-based limitation on the credited years of service. As discussed above, the first-layer limitation of years of service to 20 is, in fact, independent of age. Plaintiffs have not even alleged that the second layer contains a limitation on excess years of service.

Plaintiffs have failed to state a valid claim for relief, under 29 U.S.C. § 1054(b)(1)(H), for reduction of benefit accrual because of attainment of any age. The parties argued this issue in the supplementary briefing for the first motion to dismiss, even though no such claim was in the Complaint, and this Court granted Plaintiffs leave to amend the Complaint to assert this claim. Now, the briefing for the instant motion has explored this issue in detail, and Plaintiffs have failed to persuade this Court that there is any possibility that the Plan violates the reduction of accrual restrictions, pursuant to 29 U.S.C. § 1054(b)(1)(H).

This Court concludes that no amendment could make Count One withstand a motion to dismiss and that amendment is futile. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") As to the claim for violation of 29 U.S.C. § 1054(b)(1)(H),

due to reduction of benefit accrual, Count One will be dismissed with prejudice.

   B.    Count V

In Count V of the Complaint, Plaintiffs allege that Novartis has breached the terms of the Plan by failing to pay the Special Early Retirement Benefit unless a participant remains employed by Novartis until age 57. Plaintiffs contend that this constitutes an amendment or practice to change the early retirement benefit in violation of 29 U.S.C. § 1054(g), which, in brief, limits pension plan amendments. This does not state a valid claim for relief.

Plan § 4.5, entitled "Special Early Retirement Benefits," provides as follows:

(a)  A Participant who has (1) completed thirty (30) Years of Credited Service, (2) completed twenty (20) Years of Credited Service and attained his fifty-seventh (57th) birthday, or (3) completed ten (10) Years of Credited Service and attained his sixty-second (62nd) birthday may retire prior to his Normal Retirement Date and elect . . . to receive, in lieu of the benefit starting as of his Normal Retirement Date a Special Early Retirement Benefit commencing on his Special Early Retirement Date . . .

Plan § 4.5. Plaintiffs construe this section to entitle a Participant who has completed twenty years of service, but retires prior to his 57th birthday, to the Special Early Retirement Benefit once he or she reaches age 57. This is contrary to the clear language of the provision. The provision unambiguously states that a Participant must, *to become entitled to retire* and receive the Special Early Retirement Benefit through operation of the second contingency, complete twenty years of service and attain his or her 57th birthday. There is no reasonable way to construe this provision to entitle a Participant who has completed twenty years of service, but not attained his or her 57th birthday at the time of termination of employment, to later retire and receive the Special Early Retirement Benefit. Thus, the alleged practice conforms to the terms of the Plan. It cannot constitute an amendment of the Plan.

Furthermore, the July 1997 summary plan description provides this explanation of the Special Early Retirement Benefit:

> You will be eligible to receive a special early retirement benefit beginning on the first day of the calendar month coinciding with or following your early retirement date if as of the date of your termination with the Company you have . . . (2) completed 20 years of credit service <u>and</u> attained your 57th birthday . . .

(Fourth Am. Compl. ¶ 35.) This clearly states that eligibility for the special early retirement benefit after twenty years of service is contingent on having attained one's 57th birthday as of the date of termination from the Company. This supports the conclusion that the alleged practice conforms to the terms of the Plan and cannot constitute an amendment.

In response, Plaintiffs rely on the position that Plan participants are both current and former employees. This can only help them to avoid the clear language of Plan § 4.5(a), quoted above, if one adopts an absurd reading of that provision. Under such a reading, § 4.5(a) must be construed to mean that a former employee, having already terminated his employment, who completed twenty years of service prior to termination and later turns 57, is then entitled to retire early from an employer that he already stopped working for. The idea that one can be meaningfully said to be retiring from employment, despite having already terminated employment perhaps years earlier is, of course, absurd. Moreover, such a reading contradicts the meaning of "retirement" established in the Plan definitions: under § 1.19, the "retirement date" is linked to the date on which employment with the Company ceased. The clear language of the Plan cannot support the construction that Count V depends on.

Because Count V depends on an absurd construction of Plan language, and because the plain and clear meaning of the relevant Plan language is contrary to the understanding Plaintiffs assert, this Court concludes that no amendment could make Count V withstand a motion to

11

dismiss and that amendment is futile. Because amendment is futile, Count V will be dismissed with prejudice.

  C. <u>The Counts previously dismissed</u>

  Counts II and III of the Fourth Amended Complaint are identical to the corresponding Counts in the Second Amended Complaint, which were dismissed for failure to state a claim upon which relief may be granted. Plaintiffs were granted leave to amend the Second Amended Complaint and have failed to change these claims in any way so as to make them valid claims for relief.

  The law of the case doctrine militates against re-deciding issues of law previously resolved in the same case. <u>Public Interest Research Group of N.J., Inc. v. Magnesium Elecktron, Inc.</u>, 123 F.3d 111, 116 (3d Cir. 1997). Under the law of the case, these claims must be dismissed. Because Plaintiffs have failed to amend these claims so that they could withstand a motion to dismiss, this Court concludes that no amendment could make them withstand a motion to dismiss and that amendment is futile. <u>Burlington</u>, 114 F.3d at 1434. Because amendment is futile, Counts II and III will be dismissed with prejudice.

  Count I of the Fourth Amended Complaint makes only one change to Count I of the Second Amended Complaint: in ¶ 50, the statement that the Plan "benefit calculations violate 29 U.S.C. § 1054(b)(1)(H) by ceasing benefit accrual by reason of age" has been changed to " . . . violate 29 U.S.C. § 1054(b)(1)(H) by, without limitation, reducing or ceasing benefit accrual by reason of age." As discussed above, as to the component of Count I alleging reducing benefit accrual, Count I will be dismissed with prejudice. What remains of Count I is the component alleging ceasing benefit accrual, which has not changed since this Court dismissed Count I in the

Second Amended Complaint.  Again, under the law of the case, this component of Count I must be dismissed and, again, because this Court concludes that amendment is futile, Count I will be dismissed with prejudice in its entirety.

As discussed in the Dismissal Opinion, Count IV, alleging breach of fiduciary duties to write and administer the Plan in accordance with ERISA, depends on the claims for underlying ERISA violations.  (Dismissal Opinion 9.)  This claim cannot stand on its own, and the four claims for underlying ERISA violations will be dismissed.  Because this Court concludes that amendment of all of the underlying ERISA claims is futile, amendment of Count IV is futile as well, and it will be dismissed with prejudice.

## **CONCLUSION**

For the reasons stated above, this Court deduces that it is beyond doubt that Plaintiffs can prove no set of facts in support of any of their claims which would entitle them to relief.  For this reason, as well as the reasons stated above, Defendants' motion to dismiss the Fourth Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), is granted, and the Fourth Amended Complaint is dismissed in its entirety with prejudice.

    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: September 15, 2006